UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAULA EMILY BUSHEY,

    Plaintiff,

v.                                              CASE NO. 3:16-cv-1442-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income. After holding two administrative hearings on October 1, 2014 and April 15, 2015, respectively, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from September 5, 2011, the alleged disability onset date, through May 11, 2015, the date of the ALJ's decision. (Tr. 29-39, 46-68, 214, 221.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is due to be **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 19, 21.)

I.   Standard

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

II.   Discussion

Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ failed to

indicate the weight assigned to the treatment notes of her treating physicians, Dr. Parveen Khanna and Dr. Haito Zhang, and gave only little weight to the opinions of her examining physician, Dr. Cathy Whitley, while giving great weight to the opinions of the State agency, non-examining physician, Dr. Minal Krishnamurthy. Plaintiff also argues that the ALJ incorrectly indicated that the vocational expert ("VE") testified that Plaintiff could perform her past relevant work of a cashier and a sales clerk, as actually and generally performed, when no question with the RFC determination was posed to the VE. Plaintiff further argues that the ALJ erred in finding she was not entirely credible when the record revealed that Plaintiff suffered from documented impairments causing significant limitations. Plaintiff contends that the ALJ did not offer any specific and accurate reasons for undermining her testimony and for supporting the credibility determination. The Court does not find any reversible error.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff's spine disorder was a severe impairment. (Tr. 31.) The ALJ then found that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b). (Tr. 34.) In doing so, the ALJ discussed Plaintiff's complaints and daily activities, the treatment notes, the objective medical records, Dr. Whitley's examination findings and opinions, and the State agency non-examining doctor's opinions. (Tr. 34-38.)

Plaintiff argues that the ALJ erred in failing to state the weight assigned to

3

the treatment notes of Dr. Parveen Khanna and Dr. Haitao Zhang, which indicated that Plaintiff continued to experience pain limiting her daily activities. Although the treatment notes of Dr. Khanna and Dr. Zhang reference pain, numbness, spasms, and/or musculoskeletal tenderness, among other symptoms (*see, e.g.*, Tr. 400, 402-05, 408-10, 469, 478, 503, 505-06, 523), these doctors did not provide medical opinions that the ALJ was required to weigh.[2] Neither Dr. Khanna nor Dr. Zhang included any specific functional limitations and their treatment notes do not suggest that Plaintiff was unable to perform light work. (*See id.*) Thus, the ALJ did not err in his evaluation of the treating doctors' progress notes.

Plaintiff also argues that the ALJ erred in giving little weight to Dr. Whitley's examining opinions, while giving great weight to Dr. Krishnamurthy's non-examining opinions. The ALJ addressed Dr. Whitley's examination findings, which were normal except for a positive straight leg raising test bilaterally. (Tr. 36.) Then, the ALJ addressed Dr. Whitley's opinions as follows:

> In a medical source statement, the consulting examiner Dr. Whitley opines the following claimant [sic] limitations: never lift and carry; sit for 8 hours, stand for 2 hours, and walk for 2 hours total in an 8-hour workday; occasionally reach overhead and frequently reach in all other directions with the right hand; occasionally reach overhead and in all other directions, and push/pull with the left hand; frequently handle, finger, and feel with the left hand; never use the feet for the

---

[2] To the extent the treatment notes included symptoms and diagnoses, the ALJ considered them in formulating the RFC, and, as shown herein, his findings are supported by substantial evidence. (*See* Tr. 35-36.)

4

> operation of foot controls; never climb ladders or scaffolds; occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; never tolerate exposure to unprotected heights, moving mechanical part [sic], operating a motor vehicle; and occasionally tolerate exposure to humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme cold, extreme heat, and vibrations (Exhibit 9F). The undersigned gives little weight to this opinion, as it is entirely inconsistent with the objective clinical findings by Dr. Whitley. Specifically, the objective findings on examination by Dr. Whitley are entirely benign and fail to show any indication of musculoskeletal tenderness, spasm, trigger points, reduced range of motion, or neurological deficits. Furthermore, radiographic findings fail to show more than minimal degenerative osteoarthritis. It appears that Dr. Whitley's opinion is based on the claimant's subjective complaints, rather than on objective findings as detailed above.

(Tr. 37-38.)

The ALJ did not err in his evaluation of Dr. Whitley's opinions either. Dr. Whitley's physical examination of Plaintiff showed no abnormalities, other than a positive straight leg raising test bilaterally. (Tr. 533-34.) Further, as the ALJ pointed out, the radiographic findings failed to show more than minimal degenerative osteoarthritis. (Tr. 534.) As such, it appears that Dr. Whitley's opinion was indeed based on Plaintiff's subjective complaints, which are listed on the first page of the doctor's report. (Tr. 532.) Therefore, the ALJ's reasons for giving little weight to Dr. Whitley's opinions in the Medical Source Statement of Ability to Do Work-Related Activities, are supported by substantial evidence. (Tr. 540-45.)

In formulating the RFC, the ALJ also considered the opinions of the State

agency non-examining doctor, who opined that Plaintiff was capable of performing light work, and gave them great weight. (Tr. 38, 92-93 (opining, *inter alia*, that Plaintiff was capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking about six hours, and sitting about six hours in an eight-hour workday).) The ALJ explained that Dr. Krishnamurthy's opinion was "supported by the rather benign objective physical [sic] and findings of record, the course of conservative treatment with good response, and the record as a whole." (Tr. 38.)

The ALJ's evaluation of Dr. Krishnamurthy's opinion is supported by substantial evidence. As the ALJ pointed out, the objective medical evidence was rather benign. (Tr. 534 & 539 (noting minimal degenerative osteoarthritis); Tr. 547 (stating that a June 16, 2011 lumbar CT scan showed no significant change from a previous MRI of February 20, 2006, and specifically noting central disc herniation L4-5 superimposed on a disc bulge and a disc bulge eccentric to the right L5-1).) In addition, Plaintiff was treated conservatively with pain medications and some injection therapy, and her response to the treatment was generally good. (*See* Tr. 381-90; Tr. 400 & 403 ("Pain medication helps the patient manage the pain."); Tr. 468-69, 475, 477, 480-81, 491, 506, 510, 513, 516; *but see* Tr. 406 ("I increased Lortab from bid to tid and Soma from one per day to two per day. Pain medication somewhat help [sic] the patient manage the pain."), Tr. 472 (increasing MS Contin to better manage the pain), Tr. 494, 502

6

(stating the lumbar trigger point injections have not helped much).) Also, as indicated in Dr. Krishnamurthy's RFC, Plaintiff reported she was able to lift 50 pounds and was independent in her daily activities. (Tr. 93; *see also* Tr. 395 ("Ms. Bushey stated that she could lift and carry with her reported limitations as, 'no more than (50) fifty pounds and then more than 50 pounds and it hurts in the back.' . . . Ms. Bushey does not appear to have any problems in sitting, 'but if I drive a real long distance I use a pillow. When I am standing[,] the legs may go out. If I stand a long time[,] I get pain in the legs.'").) In sum, the ALJ properly evaluated the record evidence, including the opinions of Dr. Whitley and Dr. Krishnamurthy, in determining that Plaintiff was capable of performing the full range of light work.

Next, Plaintiff argues the ALJ incorrectly stated in the decision that his finding that Plaintiff was capable of performing her past relevant work was based on the testimony of the VE. The Court finds no reversible error. The ALJ stated in his decision:

> The [VE] testified that a hypothetical person with the claimant's age, education, work experience, and [RFC] would be able to perform her past relevant work as a cashier II and as a sales clerk, as actually and generally performed. Based on the testimony of the [VE], the undersigned finds that the claimant is able to perform past relevant work as a cashier II and as a sales clerk. In comparing the claimant's [RFC] with the physical demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(Tr. 38.) However, the ALJ did not pose a hypothetical question, including

Plaintiff's age, education, work experience, and RFC, to the VE. The VE was only asked to give a brief assessment of the jobs that Plaintiff performed in the last 15 years. (Tr. 61.) The VE identified the jobs of a cashier II and a sales clerk, both of which are light work positions. (*Id.*) Because the ALJ concluded that Plaintiff could perform the full range of light work and her past jobs were light work positions, the ALJ properly determined that Plaintiff could perform these jobs as actually and generally performed. Any misstatement in the ALJ's decision as to the VE's testimony is harmless error.

Finally, Plaintiff contends that the ALJ did not offer any specific and accurate reasons for undermining her testimony and for supporting the credibility determination. This argument also lacks merit. The ALJ provided the following explicit reasons for his credibility determination:

> In assessing the claimant's overall credibility, the totality of the evidence does not support the degree of limitation the claimant alleges or preclude all work activity. The claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. She is able to engage in a wide variety of activities of daily living independently. She is able to care for her personal needs, prepare meals, do laundry, and perform household chores, including cleaning all day, sweeping, and washing dishes (Exhibits 5E, 9F). Likewise, she reported to the consulting examiner in November 2014 that she is able to perform activities of daily living, pacing herself (Exhibit 9F). She is able to lift and carry her new grandson. In addition, she is able to go out daily, take her dog outside, drive, and shop. . . .
>
> While the claimant allegedly elevates her legs during the day, no treating or examining physician has advised her of the need to elevate her legs.

8

> Furthermore, a review of the claimant's earnings record for 15 years prior to the alleged onset date primarily shows earnings well below the level of substantial gainful activity. Additionally, she has worked after the alleged onset date, which is inconsistent with her alleged disability and inability to perform any work. Such issues weigh negatively on the claimant's overall credibility and suggest that she may have reasons for seeking disability other than a legitimate inability to work.

(Tr. 37.) Moreover, these reasons are supported by substantial evidence in the record. (*See, e.g.*, Tr. 93, 266, 293-95, 298, 533.)

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 14, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record